IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01897-BNB

CHRISTOPHER HINES,

    Applicant,

v.

ARCHULETA,

    Respondent.

---

ORDER DRAWING CASE

---

Applicant, Christopher Haines, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Haines has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee.

On July 18, 2013, the Court ordered Respondent to file a Preliminary Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Respondent filed a Preliminary Response on August 8, 2013. Applicant filed a Reply to the Preliminary Response on August 22, 2013.

The Court construes Applicant's filings liberally because he is without counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be drawn to a district judge and to a magistrate judge.

Mr. Haines is serving an indeterminate sentence of sixteen years to life for sexual assault on a child. [Doc. # 6-4, at 2]. He claims in the Application that the CDOC has not calculated his parole date correctly under applicable state statutes, in violation of his Fourteenth Amendment due process and equal protection rights. [Doc. # 1, at 4-8]. Applicant further asserts an equal protection violation based on the fact that sex offenders serving indeterminate sentences are required to participate in sex offender treatment programs as part of their sentences, but sex offenders serving determinate sentences are not, in contravention of a Colorado statute that mandates treatment for all sex offenders incarcerated with the CDOC. [*Id.* at 4, 8-11]. Respondent contends in the Preliminary Response that this action should be dismissed because Applicant failed to exhaust state court remedies for his claims. [Doc. # 6, at 3-5].

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts in one "'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992).

The documents attached to the Preliminary Response reflect that Applicant filed an action in state district court against the CDOC and the Colorado Parole Board on October 3, 2011, raising essentially the same claims presented in his federal Application. [Doc. # 6-1]. The defendants filed a motion to dismiss, which the state district court granted on May 18, 2012. [Doc. # 6-2]. On appeal, the Colorado Court of Appeals affirmed the district court's order of dismissal. *See Haines v. Executive Director of the Colorado Department of Corrections, et al.*, No. 12CA1201 (Colo. App. June 20, 2013) (unpublished). At the time the Preliminary Response was filed, Mr. Haines had not filed a petition for rehearing in the Colorado Court of Appeals or a petition for certiorari review in the Colorado Supreme Court. [Doc. # 6, at 2; # 6-5].

Respondent argues that Mr. Haines failed to exhaust state court remedies before filing his federal Application because the Colorado Court of Appeals has not issued a mandate and Applicant has not sought review of the Colorado Court of Appeals' decision in the Colorado Supreme Court.

As an initial matter, Respondent does not cite any legal authority in support of his contention that the exhaustion requirement for filing a habeas petition in federal court is not satisfied until the Colorado Court of Appeals issues a mandate. In a separate but related context, the Court of Appeals for the Tenth Circuit has rejected the date the mandate issued as controlling the timeliness of a federal habeas application under the one-year limitation period provided for in 28 U.S.C. § 2244(d). *See, e.g.*, *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (finding that post-conviction motion tolled the one-year limitation period from the day it was filed until the state supreme

court denied certiorari review); *see also Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (refusing to extend tolling period for post-conviction motion to the date the mandate issued).  Accordingly, the Court is not persuaded that the issuance of a mandate by the Colorado Court of Appeals is necessary before a habeas petitioner can demonstrate exhaustion of state court remedies.

The Court's conclusion finds further support in Colorado Appellate Rule 51.1, which provides:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.  The State of Colorado has not articulated that issuance of the mandate is part of its standard appellate review process.

Moreover, pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.  *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).  This interpretation of the state procedural rule is bolstered by four circuit court decisions holding that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement.  *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v.*

4

*Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

The record establishes that Mr. Haines presented his federal constitutional claims to the Colorado Court of Appeals which denied relief on the merits in a June 20, 2013 opinion.  Therefore, the Court rejects Respondent's affirmative defense and finds that Applicant exhausted state remedies for his claims before he initiated this action on July 17, 2013.   Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  It is

FURTHER ORDERED that Respondent show cause **within twenty-one days from the date of this Order** why the Application should not be granted.  It is further

ORDERED that **within twenty-one days of Respondent's answer to the show cause order** Applicant may file a reply.  It is further

ORDERED that the Applicant shall remain in custody until further order.

DATED at Denver, Colorado, this  28th  day of   August  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court