IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01897-PAB-KLM

CHRISTOPHER HAINES,

    Applicant,

v.

WARDEN ARCHULETA,

    Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

The matter before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] filed on July 17, 2013 by Applicant Christopher Haines.  In an August 28, 2013 Order, this Court ordered Respondent to show cause within twenty-one days why the Application should not be granted [Docket No. 8].  On October 4, 2013, this Court issued a Second Order to Show Cause to Respondent [Docket No. 12].  Respondent filed a Response to Application for Writ of Habeas Corpus on October 18, 2013 [Docket No. 13].  Applicant filed a Reply on November 8, 2013 [Docket No. 14].

The Court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243; *see also Jeter v. Keohane,* 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").

## I. BACKGROUND

Mr. Haines is an inmate in the custody of the Colorado Department of Corrections and is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. In 2005, he was found guilty of sexual assault on a child as part of a pattern of abuse, a class 3 felony, and was sentenced to an indeterminate term of imprisonment of sixteen years to natural life under the Colorado Sex Offender Lifetime Supervision Act of 1998 ("SOLSA"), Colo. Rev. Stat. § 18-1.3-1001 *et seq.* [Docket No. 13-1]. The state district court classified Mr. Haines as a sex offender pursuant to SOLSA. *Id*.

## II. HABEAS APPLICATION

Mr. Haines asserts two claims in the § 2241 Application, but contained within the second claim are two independent causes of action. Thus, Mr. Haines actually asserts three claims for relief. First, he challenges the computation of his parole eligibility date. Specifically, Mr. Haines argues that he is being forced to serve his entire determinate sentence of sixteen years before being considered eligible for parole in violation of his due process and equal protection rights. [Docket No. 1, at 2-7]. Mr. Haines contends that the time computation for his parole eligibility is subject to Colo. Rev. Stat. § 17-22.5-403. This statute mandates that any person sentenced for a class 3 felony is eligible for parole after the person has served fifty percent of his sentence, less any earned time credit. Colo. Rev. Stat. § 17-22.5-403.

Second, Mr. Haines asserts an equal protection claim based on the alleged disparate treatment of sex offenders. Mr. Haines alleges that only sex offenders

serving indeterminate sentences under SOLSA are required to participate in sex offender treatment programs prior to being paroled, while sex offenders serving determinate sentences are not, in contravention of Colo. Rev. Stat. § 16-11.7-105 that mandates treatment for all sex offenders. [Docket No. 1, at 3-4, 8-9].

Third, Mr. Haines contends that he should not have to participate in sex offender treatment because he "was convicted under a Complicity Theory, and . . . any person convicted of complicity is not required to attend treatment." *Id.* at 9-10. Mr. Haines asserts that forcing him to undergo treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment as well as a violation of due process under the Fourteenth Amendment. *Id.* at 11. As relief, Mr. Haines requests (1) that his parole eligibility be calculated under Colo. Rev. Stat. § 17-22.5-403; (2) that all sex offenders undergo treatment while incarcerated or that all sex offenders begin treatment as a parole requirement; and (3) that the requirement of sex offender treatment is not applicable to him because he was convicted of complicity. *Id.* at 14-15.

Respondent answers that Applicant has no constitutional or inherent right in parole, and that Applicant must complete the minimum incarceration term imposed (*i.e.*, 16 years), minus credit for presentence confinement and earned time, before he is eligible for parole. [Docket No. 13, at 2-4]. Respondent also asserts that Mr. Haines' equal protection claim fails because the differences in determinate and indeterminate sentences justify the different treatment of sex offenders for equal protection purposes. *Id.* at 4. Respondent, moreover, contends that the Colorado Department of Corrections merely prioritizes sex offenders for treatment based on various factors in accordance

with CDOC Administrative Regulation 700-19. *Id.* at 4-5. Thus, Applicant's contention that offenders with determinate sentences are not required to undergo sex offender treatment is incorrect. *Id.* Finally, Respondent asserts that Mr. Haines is required to participate in sex offender treatment because he was convicted of sexual assault on a child and sentenced under SOLSA, which mandates sex offender treatment for all offenders sentenced under this statute. *Id.* at 5-7.

## III. LEGAL STANDARD

### A. *Pro Se* Litigant

Mr. Haines is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007 (citations omitted); *see also Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montova v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

### B. Habeas Corpus Actions

To bring an action under 28 U.S.C. § 2241, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* The purpose of a § 2241 proceeding is to challenge the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("the essence of habeas corpus attack is an attack by a person in custody upon the legality of that custody"); *see also McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) (habeas corpus proceedings challenge the fact or duration of confinement); *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.").

In claim one, Applicant challenges the computation and administration of his eligibility for parole by arguing that he was parole eligible in 2010 because he has served more than fifty percent of his sentence. [Docket No. 1, at 7]. In *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005)*,* the Supreme Court held that a prisoner who challenged the constitutionality of the procedures used to deny parole eligibility could bring an action under 42 U.S.C. § 1983 because a favorable judgment would not lead to his immediate or speedier release. "Success for [the inmate] does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application." *Id.* The Supreme Court, however, did not clearly hold that § 1983 was the exclusive

5

remedy for such claims. The question before the Supreme Court was whether prisoners may bring an action under § 1983 or whether they must instead seek relief exclusively under the federal habeas corpus statutes. *Id.* at 76; *see also Townes v. Jarvis,* 577 F.3d 543, 549 n. 4 (4th Cir. 2009) (noting that *Wilkinson* does not expressly foreclose use of habeas actions to challenge parole ineligibility determinations); *Terrell v. United States,* 564 F.3d 442, 445-49 (6th Cir. 2009) (acknowledging circuit split as to whether habeas and § 1983 are mutually exclusive actions and holding that constitutional challenge to parole procedures that would not necessarily entitle inmate to an earlier release from custody could be brought under § 1983 and § 2241). The Tenth Circuit has not decided whether a challenge to parole eligibility that if successful would at best result in a hearing before the parole board can proceed under § 2241. *See Tillman v. Bigelow,* 484 F. App'x 286, 288-89 (10th Cir. Aug. 7, 2012) (distinguishing *Tillman* from *Wilkinson* where prisoner's claims cognizable only in § 2241 habeas action because claims "would mean not only a new hearing before the Board, but also a Board decision that would effectively shorten his stay in prison."). Accordingly, the Court will consider Mr. Haines' challenge to the computation and administration of his parole eligibility in claim one as properly brought under 28 U.S.C. § 2241.

The Response addressed the merits of both of Mr. Haines' arguments in claim two: (a) the equal protection claim based on requiring only sex offenders with indeterminate sentences to undergo sex offender treatment while incarcerated; and (b) the Eighth Amendment and due process claim based on requiring Applicant to undergo

sex offender treatment as a sex offender serving an indeterminate sentence. [Docket No. 13, at 4-7]. Neither claim, however, is cognizable under § 2241 because they do not attack the fact or length of custody. *Preiser,* 411 U.S. at 489; *see also Palma-Salazar v. Davis,* 677 F.3d 1031, 1038 (10th Cir. 2012) (holding that petitioner's claim was not cognizable under § 2241 and therefore the district court lacked jurisdiction). To the extent Applicant is challenging the conditions of his confinement, his claims should be brought pursuant to 42 U.S.C. § 1983. Accordingly, Applicant's second claim is dismissed without prejudice. If Mr. Haines wishes to assert claims challenging the administration of the sex offender treatment program, he must do so in a separate prisoner civil rights action.

### IV. ANALYSIS

#### A. Due Process

Mr. Haines alleges that not following the statutory language of Colo. Rev. Stat. § 17-22.5-403 for determination of his parole eligibility has deprived him of liberty without due process of law in violation of the Fourteenth Amendment. [Docket No. 1, at 2-3]. In order to determine whether a due process violation has occurred, the Court must first address whether Applicant's allegations establish that he has a protected liberty interest. *Allen v. Clements,* 930 F. Supp. 2d 1252, 1264 (D. Colo. 2013) (citing *Beebe v. Heil,* 333 F.Supp. 2d 1011, 1016 (D. Colo. 2004)); *see also Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007) (essential element of due process claim is constitutionally-protected liberty or property interest in the thing that was denied). It is undisputed that there is no constitutional or inherent right to parole. *Greenholtz v.*

*Nebraska Penal Inmates,* 442 U.S. 1, 7 (1979) (holding that there is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence); *see also Lustgarden v. Gunter,* 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole").  Mr. Haines, however, does not argue that he should be paroled.  Instead he argues that he should be eligible for parole review under Colo. Rev. Stat. § 17-22.5-403 because he has served fifty percent of his sentence.  [Docket No. 1, at 4-7].

"[S]tate statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment.  *Montero v. Meyer,* 13 F.3d 1444, 1447 (10th Cir. 1994) (quoting *Vitek v. Jones,* 445 U.S. 480, 488 (1980)); *see also Brown v. Chandler,* 111 F. App'x 972, 976 (10th Cir. 2004) (lack of prison official's discretion in state statute, law, or regulation may create protected liberty interest).  A state-created liberty interest arises from a "legitimate claim of entitlement" and not from an "abstract need or desire" or from "a unilateral expectation."  *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972).  In the prison context, the due process clause safeguards "only a narrow range of protected liberty interests."  *Rezaq v. Nalley,* 677 F.3d 1001, 1011 (10th Cir. 2012) (internal citations omitted).

Mr. Haines contends that the state parole statute creates a liberty interest in his right to appear before the parole board on his parole eligibility date.  [Docket No. 1, at 7].  Colo. Rev. Stat. § 17-22.5-403(1) provides that "any person sentenced for a class 2, class 3, class 4, class 5, or class 6 felony . . . shall be eligible for parole after such person has served fifty percent of the sentence imposed on such person, less any time

authorized for earned time granted pursuant to section 17-22.5-405." The Tenth Circuit, however, in a case involving a Colorado inmate, held that an inmate possesses "no vested right in a particular parole date or **parole hearing eligibility date**." *Chambers v. Colo. Dep't. of Corrections,* 205 F.3d 1237, 1242 (10th Cir. 2000) (emphasis added); *Stevens v. Ortiz,* No. 06-cv-01611-WDM-BNB, 2009 WL 902439, at *7 (D. Colo. April 1, 2009); *Beylik v. Estep,* No. 07-cv-02710-WYD, 2009 WL 3340425, at *4 (D. Colo. Oct. 15, 2009). Therefore, Applicant has not shown that he was deprived of a protected liberty interest.

Moreover, even if the state parole statute created a liberty interest in a parole hearing eligibility date, it is not the only statute that governs Mr. Haines' eligibility for parole. Under Colo. Rev. Stat. § 17-22.5-403(7)(b)(1), parole determinations for sex offenders sentenced under SOLSA for the commission of a sex offense committed on or after November 1, 1998, are governed by Colo. Rev. Stat. § 18-1.3.-1006. This statute provides that "[o]n completion of **the minimum period of incarceration specified in a sex offender's indeterminate sentence**, less any earned time credit to the sex offender pursuant to section 17-22.5-4-5, C.R.S., the parole board shall schedule a hearing to determine whether the sex offender may be released on parole." Colo. Rev. Stat. § 18-1.3-1006 (emphasis added). "As is its prerogative, the General Assembly determined that sex offenders shall serve a minimum prison sentence prior to consideration for parole." *People v. Dash,* 104 P.3d 286, 292 (Colo. App. 2004) (rejecting defendant's claim that he has a right to parole review before he completes his entire minimum term of imprisonment). Thus, Colo. Rev. Stat. § 18-1.3-1006 modifies

9

the general rule in Colo. Rev. Stat. § 17-22.5-403 and requires the sex offender sentenced under SOLSA to complete the entire minimum portion of the indeterminate sentence before becoming eligible for parole.  *See, e.g.*, *People v. Oglethorpe,* 87 P.3d 129, 134 (Colo. App. 2003); *People v. Stern,* 74 P.3d 387, 393-94 (Colo. App. 2002); *see also Martin v. People,* 27 P.3d 846, 861 (Colo. 2001) (recognizing that sex offenders were set apart from general group of felons in sentencing and parole statutes).

Here, the state district court sentenced Mr. Haines to an indeterminate sentence of sixteen years to natural life.  [Docket No. 13-1].  The minimum term of imprisonment specified is sixteen years.  Mr. Haines is not entitled to parole review prior to completion of the minimum incarceration period ordered by the sentencing court, minus credit for presentence confinement and earned time.  *See* Colo. Rev. Stat. § 18-1.3-1006.  Given that Mr. Haines was sentenced in 2005, he has not yet served sixteen years.  Accordingly, Mr. Haines' due process claim fails.

In his Reply, Mr. Haines attempts to assert a new claim challenging the constitutionality of SOLSA.  He argues that if the provisions of SOLSA govern his parole, then he never will be suitable for parole because a detainer from the United States Immigration and Customs Enforcement Agency ("ICE") has been filed against Applicant and there are no provisions in SOLSA that allow the parole board to release an offender to ICE.  [Docket No. 14, at 2-10].  He alleges, in effect, that his permissible indeterminate sentence of sixteen-years-to-life became a determinate sentence of life without the possibility of parole, which violates the Eighth Amendment's cruel and

unusual punishment prohibition and the Fourteenth Amendment's right to due process. *Id.* at 6-10.

Applicant first asserted this argument in his Reply. The Court need not address arguments raised for the first time in a reply brief. *See United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir. 2002) (citing *Codner v. United States,* 17 F.3d 1331 n.2 (10th Cir. 2002), and *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 724 (10th Cir. 1993)). In addition, as explained above, this Court found that Applicant must serve the minimum period of incarceration specified by his indeterminate sentence before becoming eligible for parole review. Thus, his argument that SOLSA is unconstitutional because it contains no provision that makes him suitable for parole is premature, and the Court will not consider it at this time. *See Stearn,* 74 P.3d at 394 (claim challenging parole provisions of SOLSA considered premature where Defendant was not currently eligible for parole); *see also Perotti v. Daniels,* No.11-cv-03315-BNB, 2012 WL 1834492, at *3 (D. Colo. May 21, 2012) (claim challenging potential parole revocation in § 2241 action dismissed as premature and for failure to exhaust state court remedies).

### B.  Equal Protection

Mr. Haines also contends that his right to equal protection under the Fourteenth Amendment is violated by not applying Colo. Rev. Stat. § 17-22.5-403 for parole eligibility. [Docket No. 1, at 3]. The Court understands Mr. Haines' argument as challenging the differential treatment of sex offenders with indeterminate sentences from other felony offenders in deciding a parole hearing eligibility date.

To state an equal protection claim, a plaintiff must allege: (1) that similarly-situated individuals were treated differently; and (2) either that the differential treatment was based on a suspect classification or fundamental right and not supported by a compelling government interest, or if the differential treatment was not based on a suspect classification or fundamental right, the differential treatment was not justified by a rational connection to a legitimate state interest.  *Kleinsmith v. Shurtleff,* 571 F.3d 1033, 1047 (10th Cir. 2009).  First, Mr. Haines cannot show that he is similarly situated to non-sex offenders.  "It is only when the same conduct is proscribed in two statutes, and different criminal sanctions apply, that equal protection problems arise."  *Oglethorpe*, 87 P.3d at 135 (rejecting equal protection challenge to sentencing provision of SOLSA); *see Murray v. Cowley*, 913 F.2d 832, 833-34 (10th Cir. 1990) (holding that petitioner was not entitled to habeas relief under the Equal Protection Clause because he was not similarly situated to other prisoners convicted of second-degree murder under a different statutory provision).  Thus, because sex offenders and non-sex offenders, by definition, are not convicted of the same conduct, Mr. Haines cannot demonstrate that he was treated differently from other defendants convicted under similar circumstances.  *See Oglethorpe*, 87 P.3d at 135.  Second, even assuming Mr. Haines could show that he is similarly situated to non-sex offenders, Mr. Haines points to no Constitutional source of any right to a "parole eligibility date" or even to release on parole in general.  *See, e.g., Firth v. Shoemaker,* No. 09-cv-00224-MSK-MJW, 2010 WL 882505, at *8 (D. Colo. March 8, 2010) (citing *Crump v. Kansas,* 143 F. Supp. 2d 1256, 1262 (D. Kan. 2001)).

Accordingly, the Court examines the differential treatment of sex offenders sentenced under SOLSA and other felony offenders in determining parole eligibility under the "rational basis" test.  Rational basis review is "highly deferential to state legislatures" and requires the Court to indulge a "strong presumption of validity" to state laws.  *City of Herriman v. Bell,* 590 F.3d 1176, 1194 (10th Cir. 2010).  The Court looks to see whether there is "any reasonably conceivable state of facts" that could justify the differential treatment and will only strike down the law if the state's classification "rests on grounds wholly irrelevant to the achievement of the state's objective."  *Id.*  In *Firth v. Shoemaker*, 496 F. App'x 778, 793 (10th Cir. 2012), the Tenth Circuit, in an unpublished decision, rejected an equal protection argument based on a district court finding that "the Colorado legislature's decision in 1998 to provide for a more comprehensive sex-offender-treatment scheme provides a rational basis" for treating sex offenders differently.  The defendant in *Firth* argued that applying different parole eligibility requirements to sex offenders sentenced under SOLSA violated the Equal Protection Clause because sex offenders sentenced under a prior law were not subject to the same requirements; however, the Tenth Circuit rejected defendant's argument.  *Id.*; *see also United States v. Payne*, 181 F.3d 781, 785-86 (6th Cir. 1999) ("A state's rules governing the terms of parole may infringe on constitutionally protected liberties as long as the rules are reasonably related to the purposes of parole.").  It is self-evident that this same rational basis justifies differentiating parole eligibility for sex offenders sentenced under SOLSA with those felons whose parole eligibility is calculated pursuant to Colo. Rev. Stat. § 17-22.5-403.  *See, e.g., Templeman v.*

*Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (inmates may be classified differently because of "slight differences in their histories . . .[or] because some still seem to present more risk of future misconduct than others."); *Martin v. Clements,* No. 10-cv-03139-RBJ-CBS, 2011 WL 6968160, at *3-4 (D. Colo. Nov. 28, 2011) (recognizing differences between inmates which might account for differences in treatment); *Grenemyer v. Gunter*, 770 F. Supp. 1432, 1438 (D. Colo. 1991) (finding rational basis for Colorado statute granting parole board sole discretion to grant or refuse to grant parole to sex offenders); *see also Oglethorpe,* 87 P.3d at 134-35 (holding that sex offenders and non-sex offenders are subject to different parole laws and are not similarly situated). The fact that sex offenders sentenced under SOLSA are subject to different parole eligibility determinations than other convicted felons cannot be said to violate the Equal Protection clause. Thus, Mr. Haines' equal protection claim fails.

## V. CONCLUSION

For the foregoing reasons, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] filed by Christopher Haines on July 17, 2013 is DENIED and claim one is DISMISSED on the merits. It is further

ORDERED that claim two is DISMISSED without prejudice. If Mr. Haines wishes to assert claims challenging the conditions of his confinement and the administration of the sex offender treatment program, he must do so in a separate prisoner civil rights action. It is further

ORDERED that in forma pauperis status is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 17, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge